The **TEXAS COMPANY**, Petitioner,

v.

**FEDERAL POWER COMMISSION,**
Respondent.

**No. 15470.**

United States Court of Appeals
Fifth Circuit.

June 30, 1956.

Rehearing Denied Aug. 21, 1956.

John J. Wilson, Washington, D. C., Richard S. Lake, New Orleans, La., Whiteford, Hart, Carmody & Wilson, Washington, D. C. (Edward M. Freeman, Paul F. Schlicher, New York City, B. Howell Hill, Jr., Washington, D. C., of counsel), for petitioner.

Willard W. Gatchell, Gen. Counsel for Federal Power Commission, Lambert McAllister, Asst. Gen. Counsel, Washington, D. C., Edwin M. Miller, Washington, D. C., for respondent.

Before BORAH, RIVES, and BROWN, Circuit Judges.

BORAH, Circuit Judge.

This is a companion case to the four cases we have decided today in Numbers 15,320—Magnolia Petroleum Co. v. Federal Power Commission, 15,321—Ohio Oil Co. v. Federal Power Commission, 15,352—Superior Oil Co. v. Federal Power Commission, and 15,354—West v. Federal Power Commission. 236 F.2d 785. Here as in the Magnolia case petitioner invokes the jurisdiction of this Court under Section 19(b) of the Natural Gas Act, 15 U.S.C.A. §§ 717 et seq., 717r(b), and Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and seeks a review of Federal Power Commission Orders 174–A and 174–B. The basic contentions and the grounds asserted for vacating, setting aside, and nullifying these orders are in essence identical to those urged by petitioners in the four companion cases, supra.[1] However, in addition, this case raises a further question not presented in the Magnolia case, and a review of the pertinent facts is necessary to properly dispose of that issue.

The petitioner here was among the numerous producers who filed with the Commission an application for rehearing of Order 174–A and, like the other applicants for rehearing, it was granted oral argument before the full Commission and was afforded an opportunity to submit briefs in support of its application. Following the submission of briefs and oral argument, as in the other cases, the Commission by order issued September 24, 1954, amended Order 174–A in a respect immaterial to the petitioner here, and extended the time for compliance with the order from October 1 to December 1, 1954, but it took no further action at that time upon the applications for rehearing. Thereafter, on December 17, 1954, the Commission issued Order 174–B in which it amended and restated Order 174–A and in addition denied all applications for rehearing respecting Order 174–A, including the one filed by petitioner herein.

In the meantime, and between September 29 and December 1, 1954, petitioner had filed with the Commission under protest numerous rate schedules among which were thirteen contracts which involved the sale of "surplus" residue gas from the tail-gate of a processing plant. Simultaneously and with each filing petitioner had also applied to the Commission for certificates of public convenience and necessity as to said contracts. With respect to three of the thirteen contracts, the Commission on October 28, 1954, and January 26, 1955, issued certificates of public convenience and necessity covering three sales of natural gas made by petitioner and determined that petitioner is a natural-gas company within the meaning of the Act and that the sales by petitioner, together with whatever facilities subject to the jurisdiction of the Commission are necessary therefor, are subject to the requirements of subsections (c) and (e) of Section 7 of the Natural Gas Act, 15 U.S.C.A. § 717f(c, e).

Subsequent to the filing of this petition for review it was stipulated that the record in Magnolia Petroleum Co. v. Federal Power Commission, supra, should be considered as a part of the record in the instant case, and by supplemental certification, the Commission also filed petitioner's application for rehearing of Order 174–A. Thereafter, petitioner by motion for certification of additional record sought to include in the record of this proceeding the aforementioned thirteen applications for and the orders of October 28, 1954, and January 26, 1955, granting certificates of public convenience and necessity. In its answer addressed to this motion the Commission urged that such additional applications and orders were not in any way related to the orders sought to be reviewed in this proceeding and that the documents covered by the stipulation and

1. See footnote 7, Magnolia Petroleum Co. v. Federal Power Commission, No. 15,320.

supplemental certificate which it certified to the Court constituted the entire record of the proceedings before the Commission in which it issued Orders 174–A and 174–B. The order sought by petitioner was granted by the Court, without prejudice to the Commission to urge or renew its objection to said documents upon the hearing and argument of the case on the merits, and the Commission has here vigorously renewed its objections and insists that the order requiring the filing of these additional documents was improvidently granted.

■■ We think it plain that the documents which petitioner would have us consider do not constitute any part of the transcript of the record upon which the orders complained of were entered as provided by Section 19(b) of the Natural Gas Act. Instead, they constitute a part of the record of entirely different and separate proceedings before the Commission, which proceedings petitioner concededly does not seek to review in the instant case. Yet, and despite the fact that petitioner does not challenge here the lawfulness of the October 28, 1954, and January 26, 1955, orders it nevertheless claims that because it has in other proceedings been held to be subject to Orders 174–A and 174–B, that this gives petitioner a right to seek a determination as to whether the orders themselves are valid, and by reason thereof the additional record containing the status adjudications is properly before this Court. In support of its contention petitioner argues that "the present case is so nearly on all fours with Rochester Telephone Corporation v. United States, 1939, 307 U.S. 125, 59 S. Ct. 754, 83 L.Ed. 1147, that it should control this Court's decision in the present proceeding." We think that the Rochester case is inapposite for the all-sufficient reason that the order there challenged was a determination of status, whereas in the case at bar no such issue is presented. Here, as we stated at length in Magnolia Petroleum Co. v. Federal Power Commission, supra, the orders sought to be reviewed did not determine the status of petitioner or any other independent producer, and in our view whether or not petitioner's status has been adjudicated in other proceedings is immaterial to the issue of reviewability of Orders 174–A and 174–B. Those orders promulgating rules and regulations of general applicability, which are nonreviewable under Section 19(b) because they of themselves neither determine status nor compel compliance with other mandatory orders of the Commission, are not transformed into reviewable orders simply because by separate orders the Commission has adjudicated petitioner's status. This being so, we are of the clear opinion that the record which the Commission certified to the Court by the stipulation and supplemental certificate constituted the entire record of the proceedings here at issue, and that we should strike from the record the documents contained in the additional record which was certified to the Court in obedience to an order that was improvidently entered, and it is so ordered.

In the light of what we have just said, and by reason of the fact that the remaining issues in this case present an identity of legal principles with those involved in the Magnolia case, supra, we hold that the petition for review herein must be dismissed for lack of jurisdiction.

Dismissed.

JOHN R. BROWN, Circuit Judge, dissenting. For dissenting opinion see 236 F.2d 785.

On Petition for Rehearing

PER CURIAM.

As neither of the judges who concurred in the decision of the Court in the above numbered and entitled cause is of opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is hereby, denied.

JOHN R. BROWN, Circuit Judge, dissents.